IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ALBERT L. TYUS,**
    Petitioner,

v.                                        Case No. 5:08cv361/RS/MD

**WALTER A. MCNEIL,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 13). Petitioner has responded in opposition to dismissal. (Doc. 22). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On January 15, 2002, petitioner was adjudicated guilty of Manslaughter (Count I), Burglary of a Dwelling (Count II), and Grand Theft Auto (Count III) in the Circuit Court of Jackson County, Florida, case number 01-155. (Doc. 13, Ex. B, pp. 10-16 in

ECF).[1]  He was sentenced to 15 years imprisonment on Count I, a 15-year term of imprisonment on Count II, and a 5-year term of imprisonment on Count III, with all sentences to run consecutively.  (*Id.*).  Petitioner's convictions and sentences were affirmed on direct appeal on May 20, 2003.  *Tyus v. State*, 845 So.2d 318 (Fla. 1st DCA 2003) (copy at Ex. C).

On June 28, 2004, petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  (Ex. D).  The trial court denied relief on August 30, 2004.  (Ex. E).  On January 18, 2005, the Florida First District Court of Appeal ("First DCA") affirmed without written opinion.  *Tyus v. State*, No. 1D04-4355, 892 So.2d 1020 (Fla. 1st DCA 2005) (Table) (copy at Ex. F).  The mandate issued February 15, 2005.  (Ex. G).

On September 9, 2005, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  (Ex. H).  The motion was denied on March 30, 2006.  (Ex. A, p. 5 in ECF).  The First DCA affirmed without written opinion on January 17, 2007.  *Tyus v. State*, No. 1D06-2066, 947 So.2d 1167 (Fla. 1st DCA 2007) (Table).  The mandate issued February 2, 2007.  (*See* First DCA docket at http://199.242.69.70/pls/ds/ds_docket).

Petitioner initiated this federal habeas proceeding on December 12, 2008.  (Doc. 1, p. 6).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Pursuant to 28 U.S.C. § 2244, a one-year period of limitation

---

[1] Hereafter, all references to exhibits are to those provided at Doc. 13, unless otherwise noted. References to page numbers "in ECF" are to the page of the identified document as it appears on the court's Case Management/Electronic Computer Filing system.

applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner does not assert that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his convictions became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his convictions became final. *See* 28 U.S.C. § 2244(d)(1).[2]

---

[2]In response to the motion to dismiss, petitioner argues that his claims rely on "a new rule and explaination [sic] of constitutional law," recognized by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). (Doc. 22, pp. 5-6 in ECF). To the extent petitioner is suggesting that the rule announced in *Apprendi* is a "constitutional right . . . newly recognized by the Supreme Court" providing a different triggering date for the state of limitations, such argument should be rejected. Even if one were to assume that *Apprendi* recognized a "constitutional right" for purposes of § 2244, *Apprendi* was decided on June 26, 2000, which is almost three years prior to petitioner's conviction becoming final in August of 2003. Because the limitations period runs from the latest of the events enumerated in § 2244(d)(1), the date of the *Apprendi* decision would not be the appropriate commencement date.

*Case No: 5:08cv361/RS/MD*

The First DCA affirmed petitioner's convictions on May 20, 2003. Petitioner did not move for rehearing in the Florida First District Court of Appeal, nor did he seek review of his convictions in the Florida Supreme Court or in the United States Supreme Court. Accordingly, his convictions became "final" for purposes of § 2244 on August 18, 2003, when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[3] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that one-year limitations period for state inmate's filing of federal habeas petition began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court).

The limitations period ran for 313 days until petitioner filed his first Rule 3.800(a) motion on June 28, 2004. That motion was pending (and tolled the limitations period) from June 28, 2004 (the date it was filed) until February 15, 2005 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).[4] The limitations period expired 52 days later on April 8, 2005. Petitioner's Rule 3.850 motion filed on September 9, 2005, and any other motions for postconviction relief or other collateral review filed after that date, did not trigger the tolling benefit of § 2244(d)(2), because the limitations period had already expired. *See Alexander v. Secretary, Dep't of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state court motion for postconviction relief cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same). Nor did the later filing reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). As the original § 2254 petition was not filed in this court until December 12, 2008, it is untimely.

In his response to the motion to dismiss, petitioner does not allege or demonstrate that he is entitled to equitable tolling of the AEDPA's one-year

---

[3] The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Secretary, Florida Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006).

[4] *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal).

limitations period. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (stating that § 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'") (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nor does he assert a colorable claim of actual innocence. Instead, petitioner asserts that it would be a miscarriage of justice not to review his claims, because they are meritorious. (Doc. 22). This court has found no authority supporting the proposition that a habeas petitioner's belief that his claims are meritorious justifies the out-of-time adjudication of his § 2254 petition.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 13) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Albert Lamar Tyus*, in the Circuit Court of Jackson County, Florida, case number 01-155, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of October, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:08cv361/RS/MD*